IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

**MICHAEL MOMENT**
\*
   Plaintiff,
\*
v.    Case No. 8:22-cv-03199-AAQ
\*
**AHMED RAHIMI, et al**
\*
   Defendants.
\*\*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF DEFENDANT KYLE ROBISON'S MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant Kyle Robison, pursuant to Federal Rules Civil Procedure 12 (b)(6) and 56, by and through undersigned counsel, submits this Memorandum in Support of His Motion to Dismiss or, in the Alternative for Summary Judgment.

**INTRODUCTION**

Mr. Moment's Complaint appears to be a collection of grievances against multiple defendants, including the City of Takoma Park and a number of its employees. At the time of the incident described in the Complaint, the City employed Mr. Robison as a police officer.

Mr. Moment's claims against Mr. Robison arise out of his August 8, 2022, arrest for multiple violations of the State Transportation Code. More specifically, Mr. Moment brings Counts against Mr. Robison for alleged violations of 18 U.S.C. §§ 241, 242, 245, and 247; the Privileges and Immunities Clause of Article IV, Sec. 2 of the United States Constitution; and the Equal Protection Clause of the Fourteenth Amendment to the Constitution. Mr. Robison is entitled to dismissal and/or summary judgment on all of the counts brought against him in the Complaint. He is entitled to dismissal of the Counts brought under 18 U.S.C. because the statute does not

provide a private right of action. Additionally, even if a private right of action existed, Mr. Moment has not pleaded any facts that support such claims. Mr. Robison is also entitled to dismissal of the Counts for alleged violations of the Privileges and Immunities Clause in Article IV, Sec. 2, and the Equal Protection Clause of the Fourteenth Amendment because Mr. Moment also has not pleaded any facts in support of those claims.

## FACTS

On August 8, 2022, Mr. Moment drove his motorcycle to the Takoma Park Police Department to obtain information on the location of some personal property. ECF 1-1, Complaint Attachment, at p. 12. As he was leaving the Department, Mr. Moment observed Mr. Robison, who was then employed by the City of Takoma Park as a police officer, get into a Takoma Park police cruiser. *Id*. Mr. Moment mounted his motorcycle and left. *Id*.

As Mr. Moment was stopped at a traffic light, Mr. Robison pulled up behind him and activated his emergency lights and conducted a traffic stop. *Id*. Mr. Robison told Mr. Moment that his license plate was not visible and requested Mr. Moment's driver's license and registration. *Id*. at 12-13. Mr. Moment told Mr. Robison that "he was traveling and he did not need to produce any such documents." *Id*. at 13. Mr. Robison placed Mr. Moment under arrest and transported him to the Montgomery County Detention Center. *Id*.

Mr. Moment was charged with ten violations of the Transportation Article relating to his operation of a motor vehicle on the highway, including (1) failure to display a license to a uniformed police officer on demand, (2) driving without the required license and authorization, (3) driving with an expired license, (4) driving with an unpaid registration fee, (5) failure to attach a single registration plate on the rear of the vehicle, (6) driving without current tags, (7) operating an unregistered motor vehicle, (8) unauthorized display and use of a registration plate, (9)

knowingly driving an uninsured vehicle, and (10) failure to display a registration card on demand. Ex. 1, MDEC Case Information Sheet. On February 21, 2023, Mr. Moment was tried in the Circuit Court for Montgomery County and convicted on charges 1, 2, 4, 5, 6, 7, 8, and 10. *Nolle prosequi* was entered on Charges 3 and 9. *Id*. The Court sentenced Mr. Moment to sixty days confinement. *Id*.

## ARGUMENT

**I.    LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations in the complaint and is not intended to resolve the merits of claim. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). When ruling on a 12(b)(6) motion to dismiss the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). A viable complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails if it does not allege "enough facts to state a claim to relief that is plausible on its face" (*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)) and "raise a right to relief above the speculative level (*Id.* at 555)."

Pursuant to Fed. R. Civ. P. 12(b)(6), a court has the discretion to consider matters outside of the pleadings when ruling on a motion to dismiss. When a court does so, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When a motion to dismiss is captioned as one that alternatively seeks summary judgment, the parties are deemed to be on notice that the court may rule on summary judgment; the court "does

not have an obligation to notify parties of the obvious." *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 261 (4th Cir. 1998).

In resolving a motion for summary judgment, the court should "view the evidence in the light most favorable to…the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegation or denials of pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c)(1)(A). A "material fact" is one that might affect the outcome of a party's case and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.   MR. MOMENT'S COUNTS FOR VIOLATION OF HIS RIGHTS UNDER 18 U.S.C. §§ 241, 242, 245, AND 247 MUST BE DISMISSED BECAUSE CONGRESS DID NOT CREATE A RIGHT OF ACTION ALLOWING A PRIVATE INDIVIDUAL TO ENFORCE THOSE CRIMINAL STATUTES**

"A private individual may sue under a federal statute only when Congress intended to create a private right of action." *Walthour v. Herron*, Case No. 10-01495, 2010 U.S. Dist. LEXIS 44221, at *5-6 (E.D. Pa., May 6, 2010) citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit."). Here, Mr. Moment attempts to bring claims against Mr. Robison under 18 U.S.C. §§ 241, 242, 245, and 247. These statutes, however, are criminal statutes and "do not provide a private right of action." *Walthour*, 2010 U.S. Dist. LEXIS

4

44221, at *5-6; *Monbo v. Upper Chesapeake Med. Ctr., Inc.*, Case No. CCB-21-4, 2021 U.S. Dist. LEXIS 159558, at *5 (D. Md., Aug. 23, 2021) ("The alleged violations of §§ 241 and 242 fail because there is no private right of action to enforce the federal criminal laws.); *Sirleaf v. Clarke*, Case No. 3:18-cv-311, 2020 U.S. Dist. LEXIS 45978, at *36 n.17 (E.D. Va. March 16, 2020 (". . . 18 U.S.C. § 247 is a federal criminal statute that does not provide a private cause of action.); *Chin v. Wilhelm*, 291 F. Supp.2d 400, 404 n.4 (D. Md. 2003) (". . . 18 U.S.C. § 245 is a criminal statute that does not provide a private civil cause of action."). Accordingly, the Counts for alleged violations of 18 U.S.C. must be dismissed.

Even if Mr. Moment could bring such claims, they must fail because he has not pleaded any facts "showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, all Mr. Moment has pleaded is that while Mr. Robison was employed as a police officer, he conducted a traffic stop and arrested Mr. Moment for violations of the Maryland Transportation Article. ECF 1-1, at pp. 12-13. These bare allegations are insufficient to allege any claim against Mr. Robison because they can only prove that Mr. Robison exercised his police powers, while employed as a police officer, to arrest Mr. Moment. They are insufficient to state a claim for relief because they do not allege any wrongdoing. *Twombly*, 550 U.S. at 570. Further, Mr. Moments threadbare recitals and conclusory allegations of alleged claims (ECF 1-1, at p. 9) are also insufficient to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). They simply do not "raise a right to relief above the speculative level (*Twombly*, 550 U.S. at 555)."

Finally, because Mr. Moment was convicted on eight of the charged violations, it is axiomatic that Mr. Robison's actions were supported by probable cause. *Asuncion v. City of Gaithersburg*, No. 95-1159, 1996 U.S. App. LEXIS 48, at *2 (4th Cir. Jan. 3, 1996) ("Under Maryland law, a conviction determines conclusively the existence of probable cause . . .").

Probable cause bars any constitutional claims relating to Mr. Moment's arrest. *Stutzman v. Krenik*, 350 F. Supp. 3d 366, 380 (D. Md. Oct. 10, 2018) (constitutional claims related to plaintiff's seizure are barred by finding of probable cause).

### III. MR. MOMENT HAS FAILED TO STATE A CLAIM UNDER THE PRIVILEGES AND IMMUNITIES CLAUS OF ARTICLE IV, SECTION 2 OF THE CONSTITUTION AND THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

The Privileges and Immunities Clause in Article IV Section 2 of the United States Constitution requires that states treat their residents and nonresidents alike in matters "bearing on the vitality of the Nation as a single entity." *Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 279 (1985)(quoting *Baldwin v. Mont. Fish & Game Comm'n*, 436 U.S. 371, 383 (1978). Similarly, the Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. The Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike," *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992); *see also City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 440 (1985) (holding that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 653–54 (4th Cir. 2001); *see also Equality in Athletics v. Dep't of Educ.,* 639 F.3d 91, 108 (4th Cir. 2011) ("[T]o survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.") (citing *Morrison,* 239 F.3d at 654).

In an Equal Protection context, "discriminatory intent implies more than intent as volition or intent as awareness of consequences." *Sigma Lambda Upsilon/Senoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of Univ. of Virginia*, 503 F. Supp. 3d 433, 448 (W.D. Va. 2020) (quoting *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 819 n.2 (4th Cir. 1995)). Rather, a plaintiff must show that the defendant "selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Id*. (quoting *Sylvia*, 48 F.3d at 819). As the Eighth Circuit put it, this is "no simple task." *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 511 (8th Cir. 2015). Mr. Partlow has failed to meet this exacting standard.

Mr. Moment' equal protection counts fail because he has not alleged any facts supporting his claim that he was treated differently than other individual for any reason. He has not alleged, nor could he, that Mr. Robison acted with the purpose of imposing any adverse effects upon him on any basis other than his violation of the law, for which he was convicted. He has merely asserted vague and conclusory allegations of discriminatory animus unsupported by any facts. Accordingly, his claims under Article IV, Section 2 and the Fourteenth Amendment must be dismissed.

## V.     MR. ROBISON IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity provides protection for government officials sued in their individual capacities "insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see Moxley v. The Town of Walkersville*, 601 F. Supp.2d. 648, 664-65 (D. Md. 2009). As noted by this Court in *Moxley*, the "Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation'." *Id.* at 664, *quoting Hunter v.*

7

*Bryant*, 502 U.S. 224, 227 (1991).  As the Fourth Circuit has explained in *Humbert v. Mayor & City Council of Baltimore City*, No. 15-1768, 2017 WL 3366349, at *4 (4th Cir. Aug. 7, 2017), "[q]ualified immunity shields government officials from liability in a § 1983 suit as long as their conduct has not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the facts illustrate that the officer violated the plaintiff's constitutional right..., and (2) whether the right was clearly established at the time of the alleged event such that 'a reasonable officer would have understood that his conduct violated the asserted right.'" *Id.* (quoting *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007)).  "The answer to both questions must be in the affirmative to defeat the officer's entitlement to immunity." *Id.*

Here, within the context of Title 18, Mr. Moment alleges constitutional-like claims against Mr. Robison.  As stated above, however, Mr. Moment has not alleged any facts supporting his claims.  The only facts alleged are that Mr. Robison exercised his police powers to arrest Mr. Moment.  Because he was convicted on a majority of the charges arising out of the arrest and has not alleged any facts demonstrating that Mr. Robison or anyone would have clearly understood that his actions violated his constitutional rights, Mr. Robison is entitled to qualified immunity and the Complaint should be dismissed.

## CONCLUSION

For the reasons stated above, the Defendant Robison respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ Raymond R. Mulera

_____
Raymond R. Mulera
Federal Bar # 09454
rmulera@lgit.org
7225 Parkway Drive
Hanover, Maryland  21076
Office (443) 451-1700
Facsimile (443) 561-1701

Counsel for Kyle Robison

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May 2023, a copy of the foregoing Motion to Dismiss or, in the Alternative for Summary Judgment, Supporting Memorandum, and Proposed Order were served electronically via ECF with notice to all counsel of record and by first class mail on Michael Moment, 18010 Trenton Place, #301, Washington, D.C.

/s/ Raymond R. Mulera

_____
Raymond R. Mulera.