## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL MOMENT, | |
| Plaintiff, | |
| v. | Civil Action No.: PJM-22-3199 |
| AMHED RAHIMI, et al., | |
| Defendants. | |

### ORDER

On March 30, 2023, Plaintiff Michael Moment was directed to effect service of process on Defendants within sixty days of the Order issued that day. ECF No. 6. Since then, several motions have been filed. ECF Nos. 14, 17, 21, 23, 30. Under review by the Court at this time are Plaintiff's two Motions for Default Judgment (ECF Nos. 14, 21) and Defendants Daniel Bushman, Antonio Devaul, Michelle Holmes, and City of Takoma Park's ("Takoma Park Defendants") Motion to Quash Service (ECF No. 17). For the reasons discussed below, Plaintiff's Motions will be denied and the Takoma Park Defendants' Motion will be granted.

Under Fed. R. Civ. Proc. 55(a) default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The failure to plead or defend does not automatically entitle a plaintiff to entry of default judgment. The decision to enter default is left to the discretion of this Court. *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). Entry of default judgment is not favored and is reserved in cases where the adversary process has been halted by an unresponsive party. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).

Plaintiff's first Motion for Default Judgment seeks default against the Takoma Park Defendants and Defendant Evan Fomunyoh (ECF No. 14) and the second Motion for Default Judgment seeks default against Defendants Ahmed Rahimi, Marc Elrich, and "Non-Profit Organization Montgomery County Corporation" (ECF No. 21). In addition to opposing Plaintiff's first Motion (ECF No. 16), Takoma Park Defendants also filed their Motion to Quash, asserting Plaintiff failed to meet the service requirements under Federal Rule of Civil Procedure 4. ECF No. 17.

Plaintiff alleges that he served the Takoma Park Defendants and Defendant Fomunyoh on April 14, 2023. ECF No. 14. He attaches affidavits of service for Defendants Bushman, Elrich, Montgomery County, City of Takoma Park, Devaul, Holmes, and Kyle Robison. ECF Nos. 14-1, 14-2. Upon review, it does not appear that Plaintiff properly served the Takoma Park Defendants as the summons and Complaint were not delivered to someone authorized to accept service on their behalf. Furthermore, he does not return any proof of service as to Defendant Fomunyoh. Accordingly, his Motion for Default will be denied and the Motion to Quash will be granted. The Court notes that the Takoma Park Defendants have authorized their counsel to accept service on their behalf. *See* ECF Nos. 17-3, 17-4, 17-5, 17-6. As such, Plaintiff may serve the Takoma Park Defendants by serving Attorney Raymond R. Mulera with each defendant's summons and the Complaint.[1]

As to Plaintiff's second Motion for Default Judgment, Defendant Elrich, although not conceding proper service, filed a timely motion for extension of time to respond to the Complaint,

---

[1] Attorney Mulera has accepted service for Defendant Robison and filed a Motion to Dismiss or for Summary Judgment on his behalf. ECF Nos. 15, 23. Mr. Mulera also entered his appearance on behalf of Defendant Kate Stewart, but states that she has not been served. ECF Nos. 15, 18. Presumably, Plaintiff may also attempt to serve Defendant Stewart through Mr. Mulera.

2

which was granted to and including June 2, 2023. Elrich ultimately filed a Motion to Dismiss (ECF No. 30) on June 2, 2023. As a timely response was filed, Defendant Elrich is not in default.

Plaintiff filed an affidavit stating "Plaintiff had the summons served" on Defendants Rahimi and "Non-Profit Organization Montgomery County Corporation" on April 20, 2023. ECF No. 21-1. Plaintiff has not provided any proof of service as to Defendant Rahimi, and therefore the second Motion for Default Judgment must be denied as to Rahimi.

Plaintiff attached an affidavit of service for Montgomery County to his first Motion for Default, which the Court assumes is for the defendant currently named as "Non-Profit Organization Montgomery County Corporation." The Court will amend the docket to reflect that Plaintiff is suing Montgomery County. The affidavit of service states that Andre Hawthorne El served the "Secretary for Executive" at 101 Monroe Street Rockville, Maryland 20912. ECF No. 14-1 at 6. Service on a local entity requires delivery of the summons and complaint to its chief executive officer; or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant. Fed. R. Civ. P. 4(j). Furthermore, Maryland Rule 2-124(l) permits service "by serving the resident agent designated by the local entity. If the local entity has no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body."[2] The Court does not find that the "Secretary for Executive" is authorized to accept service for Montgomery County and therefore it has not been properly served. Thus, the Motion for Default shall also be denied as to Montgomery County.

---

[2] The name and service address of a resident agent may be found by searching the Maryland Business Entity Search at https://egov.maryland.gov/BusinessExpress/EntitySearch.

Accordingly, Stewart, Rahimi, Fohmunyoh, Montgomery County, and the Takoma Park Defendants have yet to be properly served. While Plaintiff's deadline to complete service was May 30, 2023, in light of the pending motions and Plaintiff's apparent attempts to complete service, the Court will grant him a final extension of time in which to complete service.

Plaintiff is reminded that under Fed. R. Civ. P. 4(e)(1), service of process on an individual must comport with the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. In Maryland, service on an individual defendant is made by either: leaving a copy of the summons, Complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or by mailing to the person to be served a copy of the summons, Complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery." Maryland Rule 2-121(a). As to Montgomery County, Plaintiff must serve the entity according to the rules outlined above. Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Finally, as discussed above, Plaintiff may serve the Takoma Park Defendants through their counsel, who they have authorized to accept service on their behalf.

Should Plaintiff need additional summons issued, he may submit them to the Clerk, who will be directed to issue and return them to Plaintiff. He will be granted forty-five days from the date of this Order to file proof of service with the Court as to Stewart, Rahimi, Fohmunyoh, Montgomery County, and the Takoma Park Defendants. If Plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, Plaintiff must file with the Clerk the United States Postal Service acknowledgment as proof of service showing who received service and when it was received.

*20*

Accordingly, it is this ___ day of June, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motions for Default Judgment (ECF Nos. 14, 21) ARE DENIED;

2. Takoma Park Defendants' Motion to Quash (ECF No. 17) IS GRANTED;

3. The Clerk SHALL SUBSTITUTE Defendant "Non-Profit Organization Montgomery County Corporation" with Montgomery County;

4. Plaintiff IS GRANTED forty-five (45) days from the date of this Order to file proof of service for Stewart, Rahimi, Fohmunyoh, Montgomery County, and the Takoma Park Defendants;

5. Plaintiff SHALL SUBMIT any new summons to the Clerk and the Clerk SHALL ISSUE summons and return summons to Plaintiff; and

6. The Clerk PROVIDE a copy of this Order to Plaintiff and counsel of record.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE